UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-04986-RSWL (JCR) | Date | August 1, 2008 |
|---|---|---|---|
| Title | JIM FERGUSON v. JOHN MARSHALL | | |

| Present: The Honorable | JOHN C. RAYBURN, JR., U.S. MAGISTRATE JUDGE | | |
|---|---|---|---|
| Debra Taylor | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE

**I.      PROCEEDINGS**

On August 10, 2006, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On December 6, 2006, John Marshall ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("First Motion to Dismiss"), contending that the Petition should be dismissed for failure to exhaust state remedies and for lack of personal jurisdiction. On May 10, 2007, the Court issued an Order dismissing the Petition with leave to amend, and denied Respondent's First Motion to Dismiss as moot.

On August 6, 2007, Petitioner filed his First Amended Petition ("FAP"). On November 5, 2007, Respondent filed a Motion to Dismiss First Amended Petition for Writ of Habeas Corpus ("Second Motion to Dismiss"), contending that the FAP should be dismissed for failure to exhaust state remedies. On January 11, 2008, Petitioner filed an Opposition to the Second Motion to Dismiss. The Second Motion to Dismiss is currently under submission.

On June 11, 2008, Petitioner filed a Motion for Temporary Stay ("Motion to Stay") to exhaust his federal habeas corpus claims in the California Supreme Court. On July 2, 2008, Respondent filed an Opposition to Petitioner's Motion to Stay.

In the FAP, Petitioner raises four claims: (1) denial of Petitioner's right to effective assistance of counsel when counsel for Petitioner refused to bring to the trial court's attention that the victim had falsely conspired with a witness; (2) denial of Petitioner's right to effective assistance of counsel when trial counsel failed to subpoena key witness testimony and purposefully omitted compelling testimony; (3) violation of Petitioner's due process rights to a fair trial because the prosecutor and Petitioner's counsel permitted perjured testimony to be introduced into evidence; and (4) violation of Petitioner's due process rights to fair trial because the court failed to timely provide Petitioner with the case files and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-04986-RSWL (JCR) | Date | August 1, 2008 |
|---|---|---|---|
| Title | **JIM FERGUSON v. JOHN MARSHALL** | | |

paperwork Petitioner requested. (*See* FAP at 5-6.)

## II. PROCEDURAL HISTORY[1]

On February 23, 2005, after pleading no contest, Petitioner was convicted in Los Angeles County Superior Court of one count of assault by means of force likely to produce great bodily injury, during which he personally inflicted great bodily injury. (FAP at 2; Second Mot. to Dismiss at 3.) Petitioner was sentenced to two years for assault and three years for the great bodily injury enhancement. (FAP at 2; First Mot. to Dismiss, Ex. A at 2.)

On April 20, 2005, Petitioner appealed his conviction to the California Court of Appeal. On June 15, 2005, Petitioner filed a habeas petition in the Los Angeles Superior Court. (First Mot. to Dismiss, Ex. B.) On June 21, 2005, the superior court petition was denied. (*Id*.) On October 27, 2005, Petitioner filed a habeas petition with the California Court of Appeal. (First Mot. to Dismiss, Ex. C.) On March 29, 2006, the California Court of Appeal, in an unpublished reasoned decision, denied both Petitioner's direct appeal and habeas petition. (First Mot. to Dismiss, Ex. A.)

On May 3, 2006, Petitioner filed a petition for review in the California Supreme Court ("Petition for Review"). (First Mot. to Dismiss, Ex. D.) On June 28, 2006, the California Supreme Court denied Petitioner's Petition for Review. (First Mot. to Dismiss, Ex. E.)

On August 8, 2007, Petitioner filed a second habeas petition with the appellate court. On October 11, 2007, the California Court of Appeal denied Petitioner's second appellate habeas petition. On November 1, 2007, Petitioner filed a third state appellate habeas petition. On November 20, 2007, the Court of Appeal again denied Petitioners habeas petition. On December 17, 2007, Petitioner filed his first California Supreme Court habeas petition. On January 16, 2008, the California Supreme Court denied the habeas petition. On June 25, 2008, Petitioner filed a second supreme court habeas petition. On July 30, 2008, the California Supreme Court denied the habeas petition.

## III. DISCUSSION

### A. Rhines v. Weber Analysis

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that "stay and abeyance is appropriate only in limited circumstances when the district court determines there was good cause for

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (stating that federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-04986-RSWL (JCR) | Date | August 1, 2008 |
|---|---|---|---|
| Title | JIM FERGUSON v. JOHN MARSHALL | | |

the petitioner's failure to exhaust his claims first in state court." *Id.* at 277; *see also Jackson v. Roe*, 425 F.3d 654, 660-61 (9th Cir. 2005). The Supreme Court further held in *Rhines* that, even if the petitioner had good cause for his failure to exhaust his claims in state court, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. A stay is also inappropriate if the petitioner engages in abusive litigation tactics or intentional delay. *Id.*

In *Rhines*, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. In *Jackson*, the Ninth Circuit held that this "good cause" standard is less stringent than the "extraordinary circumstances" standard applicable to claims of equitable tolling of the habeas statute of limitations. *Jackson*, 425 F.3d at 661-62. A number of courts have analogized the "good cause" required by *Rhines* to the "cause" needed to overcome a procedural default. *See Johnson v. Sullivan*, No. CV04-7923, 2006 WL 37037, at *3 (C.D. Cal. Jan. 4, 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206-07 (C.D. Cal. 2005); *see also Carter v. Friel*, 415 F. Supp. 2d 1314, 1319-20 (D. Utah 2006).

       1.    <u>Good Cause and Intentional Delay</u>

Respondent contends that Petitioner has not demonstrated good cause for failing to exhaust Petitioner's claims in state court before proceeding in this Court. Because the California Supreme Court denied Petitioner's Petition for Review on June 28, 2006, Petitioner's judgment of conviction became final ninety days later, on September 26, 2006, and Petitioner had until September 26, 2007, to file his federal petition. *Barefoot v. Estelle*, 463 U.S. 880, 87 (1983); *see also Bowen v. Roe*, 180 F.3d 1157, 1158-59 (9th Cir. 1999).

Yet, rather than collaterally attacking his conviction and exhausting his claims in state court, Petitioner opted to file the present unexhausted federal Petition. In Petitioner's Motion to Stay, Petitioner only cites his lack of legal knowledge and experience as reason for his failure to exhaust his claims in state court. (Opp'n to Second Mot. to Dismiss at 2-3.)

This Court finds that Petitioner has not demonstrated good cause for failing to previously exhaust all of his claims in state court. However, even if Petitioner had shown good cause for failing to exhaust, a stay cannot be granted given that each of his claims are "plainly meritless," as discussed below.

       2.    <u>Merits of Petitioner's Claim</u>

Petitioner argues that (1) his due process rights to a fair trial were violated when the trial court relied on perjured testimony at the preliminary hearing, and when the court failed to provide Petitioner the case materials necessary to prepare for trial; and (2) he was denied effective assistance of counsel. (FAP at 3-5). The Court finds that Petitioner's unexhausted claims are "plainly meritless."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-04986-RSWL (JCR) | Date | August 1, 2008 |
|---|---|---|---|
| Title | JIM FERGUSON v. JOHN MARSHALL | | |

       *a.*    *Petitioner's Due Process Claims are Without Merit*

Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forcloses all collateral attacks with the exception of jurisdictional claims. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975); *United States v. Foreman*, 329 F.3d 1037, 1038-39 (9th Cir. 2003) (precluding pre-plea motion for substitute counsel claim); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (foreclosing pre-plea ineffective assistance of counsel claim); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (precluding denial of counsel at critical stage and violation of Speedy Trial Act claims). Petitioner's claims do not challenge the voluntary and intelligent character of his guilty plea, nor do they qualify as jurisdictional claims.

Petitioner's plea of no contest avoided litigation of any issues surrounding Petitioner's arrest and arraignment. It is settled that an intelligent and voluntary no contest plea admits every element of the charged offense, concedes that the prosecution possesses legally admissible evidence sufficient to prove guilt beyond a reasonable doubt, and waives any right to raise questions regarding the evidence, including its sufficiency or admissibility. *Tollett*, 411 U.S. at 267. Thus, in accordance with the holding and reasoning of *Tollett*, the Court finds and concludes that Petitioner's voluntary guilty plea precludes Petitioner from raising his due process claims alleged in the Petition.

       *b.*    *Petitioner's Ineffective Assistance of Counsel Claims are Without Merit*

The Supreme Court has established the legal principles that govern claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). An ineffective assistance claim has two components: (1) a petitioner must show that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense. *Id.* at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. The Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*

Here, defense counsel's tactical decision not to question Ford, the alleged victim, more closely at the preliminary hearing with respect to whether a particular witness was present at the scene of the crime does not constitute ineffective assistance of counsel. The record shows that defense counsel had already elicited from Ford that he was unaware of the object, if any, that Petitioner used to strike Ford. Therefore, defense counsel rationally could have concluded to leave the matter as it stood during the pre-trial phase. Petitioner has failed to show that counsel's performance was deficient and that any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-04986-RSWL (JCR) | Date | August 1, 2008 |
|---|---|---|---|
| Title | **JIM FERGUSON v. JOHN MARSHALL** | | |

such deficiency further prejudiced Petitioner.

Moreover, while ineffective assistance of counsel may present an issue that goes to the legality of the state proceedings, Petitioner voluntarily dismissed counsel and chose to represent himself at the time of his no contest plea. In addition, as previously discussed, Petitioner's guilty plea forecloses further discussion of any pre-plea ineffective assistance claims. *Tollett*, 411 U.S. at 266-67; *Moran*, 57 F.3d at 700 (foreclosing pre-plea ineffective assistance of counsel claim).

Because Petitioner presented no proof of perjury, conspiracy, or actual ineffective assistance, and given that Petitioner's voluntary and intelligent no contest plea waived a trial on the issues, the Court finds Petitioner's due process and ineffective assistance claims to be plainly meritless.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Stay is DENIED.

**IT IS SO ORDERED**.

Initials of Preparer    dts